### CHAPMAN *v.* ARRINGTON.

1. Where, under the statute of 1828, maker and indorser are joined in the same action, and the one appears and continues the case as to him, and there is judgment by default againt the other, this judgment cannot be rendered final.
2. But judgment by default final may, under the act of 1812, be rendered against an indorser, without the intervention of a jury.
3. Where a party appears and pleads to a declaration filed against him and another jointly, it is immaterial whether or not it appears that the writ was served on him.
4. Where no step is made below, to take advantage of any defects in the declaration, if any there be, this court will not, under the statute, examine into them.

On the 21st day of January, in the year 1829, Arrington brought an action of assumpsit, founded upon a promissory note for $600, against one Hill, as the maker, and Chapman, as indorser thereof to Arrington, the plaintiff below. The writ, with a branch thereof to Mobile county, which was executed on Chapman, was returnable to the March Term, 1829, of the Circuit court for Clarke county ; there was no return as to Hill, and the declaration filed was against them jointly. At October Term, 1829, of said court, judgment by default final was rendered against Chapman, and the suit continued as to Hill, upon his affidavit. Upon said judgment, execution was forthwith issued: whereupon Chapman sued out a writ of error to this court.

The matters assigned for error, are—

1st. The court below erred in rendering judgment by default final, against the plaintiff in error, as an indorser, without the intervention of a jury.

2d. The court erred in giving judgment by default against Chapman, and continuing the case as to Hill.

3d. It was error to embrace Hill and Chapman in the same suit, when their liabilities were separate and distinct.

4th. It does not appear that any writ was served upon Hill, or that Chapman had notice of his refusal to pay.

5th The whole declaration is insufficient, as to Chapman.

BAGBY, for plaintiff in error.

DELLET, for defendant in error.

By JUDGE TAYLOR.—If the course pursued by the court below would have been regular in ordinary cases, it would not have been in this. The object of the statute of 1828, is to secure the indorser from injury, if the money can be made out of the property of the payor. For this reason, this court, at the last term, in the case of *Phillips* v. *Jordan,*[a] affirmed a judgment of the Circuit court of Shelby county; in which a discontinuance as to the payor, ordered by the plaintiff, because the writ was returned not found as to him, was determined to work a discontinuance of the whole action.

jan'y 1831

Chapman
v.
Arrington.

aPage 38.

But it is unnecessary to resort to the statute, for the rule of decision in this case. By the common law, if several be joined in an action, and some appear and plead, and there be judgment by default against others, this judgment cannot be rendered final against those who do not plead, and continued as to the rest. So, where defendants sever in their pleadings, judgment as to all must be rendered at the same time ; otherwise, there might be several different trials in the same action.

As to the assignment of error, which embrace other parts of the proceedings in the court below, there is nothing in them which would authorise a reversal of the judgment.

It is believed, that a correct construction of the 3d section of the act of 1812, entitled " an act concerning the assignment of bonds, notes, &c., and for other purposes," authorises a final judgment by default, to be rendered against an indorser, without the intervention of a jury. That section declares, "That in all actions founded on any writing, ascertaining the plaintiff's demand, or sum sued for, if judgment by default, *nihil dicit*, or by *non sum infamatus*, or on demurrer be entered thereon, the court where the same shall be pending, shall, and may, lawfully, enter judgment for the debt or demand, and interest thereon, to be calculated by the clerk of such court, up to the time of rendering judgment, without the intervention of a jury," &c. The judgment by default is an admission of the cause of action laid in the declaration. In this case, that describes a promissory note, executed by Hill, to Chapman, and assigned by him to Arrington, as the foundation of the suit. *Prima facie* then, Chapman, as assignor, is responsible to Arrington, for the sum specified on the face of the note, and the judgment by default is evidence, that he can prove nothing to resist this legal inference.

The act of 1828, which authorised the payor and indorser

JAN'Y 1831 to be sued in the same action, was not repealed until the 30th January, 1829—the writ against Chapman, in this case, was issued the 21st of that month—so that the third assignment cannot be sustained.

Whether a writ was served on Hill, or not, is immaterial; he appeared and pleaded to a declaration filed against him and Chapman, jointly : therefore, we will not, now, look back to the writ.

The declaration contains a sufficient cause of action, and as no step was taken below, to obtain advantage of any defects in it, even if such existed, they could not, under our statute, be examined into here.

For the reason that final judgment was rendered againt one defendant, while the suit was still pending and undetermined, as to the other, the judgment must be reversed, and the cause remanded.

Reversed and remanded.