NEW-YORK,
May, 1831.

JACKSON, ex dem. Webb and others, *vs.* ROBERTS.

Jackson
v.
Roberts.

Where the real estate of an individual is sold at *sheriff's sale*, and in the deed conveying the property to the purchaser the sale is *recited* to have been made under and by virtue of *three* executions, particularly set forth, it is not allowable to a third person *collaterally* to shew that the sale was had only by virtue of, and under *one* execution, although such third person is neither a party or privy to the sheriff's deed.

The remedy of a party injured in such a case, is by a summary application to the court under the authority of whose process the officer acts, or by a bill in equity.

Where a sheriff had *two* executions, on which he sold *four* several distinct parcels of land, and the two first parcels described in his deed brought an amount more than sufficient to satisfy the older execution, *it was held*, notwithstanding that the *junior* execution was inoperative by reason of a *lis pendens*, that the two last parcels were legally sold, and passed by the sheriff's deed to the purchaser, the sheriff stating in the deed that the seisure and sale were by virtue of *both* executions.

THIS was an action of ejectment, tried at the Madison circuit in September, 1829, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The lessors of the plaintiff claimed title to the premises in question under a deed from one Joshua Clark, who derived his title by a conveyance from one *Stephen Clark*, bearing date in September, 1817. The defendant held under a purchase of the premises in question by one Charles Hill, made at the *sheriff's sale* on executions against *Stephen Clark*, the grantor of Joshua Clark. In *January*, 1818, a judgment was docketed in favor of one Malcolm against Stephen Clark, for $133, 68, and on the 17th day of *February* following, C. Hill and C. Stebbins also obtained a judgment against Stephen Clark for $4000. The defendant produced an exemplification of a *fieri facias*, issued on the judgment in favor of Hill and Stebbins, and of the sheriff's return thereon, by which it appeared that the sheriff had caused the sum of $675, to be made of the lands and tenements of the defendant, by virtue of such execution. He also produced an execution issued on the judgment in favor of Malcolm; on this execution there was an endorsement of its receipt by the sheriff, a receipt of the money directed to be lev-

ied, signed by the attorney for the plaintiff, but no sheriff's re-, turn as to what had been done by him under it.    The defendant also produced a *sheriff's deed* from the sheriff of Madison, bearing date in May, 1818, reciting that by virtue of the above executions, and of another execution in favor of *Anson G. Phelps* against Stephen Clark for $104,19, the sheriff had seised and taken *four* several parcels of land, and sold the same to Charles Hill, at public vendue; that the first parcel sold for $111, the second for $50, the third (*the premises in question*) for $250, and the fourth for $500, and then, *by virtue of the said writs of fieri facias,* and in consideration of the several sums bid, the sheriff conveyed the said several parcels to the purchaser. The sheriff testified that he sold *all* the lots by virtue of *all* the executions described in the deed executed by him.    The defendant also gave in evidence a decree in chancery *avoiding the deed* from Stephen Clark to Joshua Clark as *fraudulent,* which decree was made in a cause on a bill filed against the Clarks by some of the lessors of the plaintiff, as creditors of Stephen Clark, on the 13th February, 1818, and offered *dehors* the proceedings in chancery to shew the deed fraudulent ; but the fact being admitted by the plaintiff, the proof was not given.

The lessors of the plaintiff then proved that the judgment in favor of Hill and Stebbins was entered on *confession* by bond and warrant, with a knowledge of the plaintiffs therein of the filing of the bill in chancery ; and they proved the deed from *Joshua Clark* to them to have been executed in compliance with the decree made in the suit in chancery, and *offered to prove* that though the premises described in the sheriff's deed were *advertised* to be sold by virtue of the executions in favor of Malcolm and Hill and Stebbins, yet that in fact they were sold only by virtue of the execution in favor of Hill and Stebbins, and that it was so distinctly announced at the sale.    The evidence thus offered to be given was objected to and overruled by the judge, and the plaintiff excepted.    The counsel for the plaintiff then *insisted* that the several parcels of land having been sold *separately,* and the two first parcels having brought a sum sufficient to satisfy the *senior* execution, the third and fourth parcels must be considered as sold under and

by virtue of the execution issued on the judgment in favor of Hill and Stebbins, which could not affect the title of the plaintiffs, as such judgment was entered with a knowledge of the existence of the bill in chancery filed by the lessors of the plaintiff; but the presiding judge decided that the sale of *all the parcels* must be deemed to have been made by virtue of *both executions*, notwithstanding that the two first parcels sold for a sum more than sufficient to satisfy the *senior* execution; and that the defendant, deriving his title under a judgment docketed previous to the filing of the bill in chancery, was entitled to a verdict. To this decision the plaintiffs also excepted. The jury found for the defendant. The plaintiff now moved for a new trial.

*J. A. Spencer & M. T. Reynolds*, for the plaintiff, insisted that the evidence offered ought to have been received. Its object was to shew that the sheriff had no authority to sell the *third* parcel of land described in the deed, being the premises in question. In the deed it was *recited*, that by virtue of the executions specified in the deed, the premises were sold; the testimony offered by the plaintiff, if admitted, would have contradicted this recital, and shewn that the premises in question were not sold by virtue of all the executions, but only by virtue of the execution issued on the judgment in favor of Hill and Stebbins, which, in consequence of the bill in chancery, was a void judgment. The lessors of the plaintiff not being parties or privies to the sheriff's deed, are not estopped by the recitals contained in it. 1 Phil Ev. 410. A recital of a judgment and execution in a sheriff's deed, is not a necessary part of the deed, nor does it affect its validity, the important question in such case being whether there is a sufficient power to warrant the sale. 10 Johns. R. 381. 5 Cowen, 529. If the authority claimed does not exist, nothing passes by the deed, notwithstanding the recital. The general rule of law that parol evidence is inadmissible to contradict a deed, was not sought to be impugned; it was not attempted to shew that the sheriff did not sell and did not convey the land to the purchaser; the offer was to prove that the recital in the sheriff's deed was not conformable to the facts of the case, and that

consequently there was no authority to sell. The cases of *Jackson* v. *Vanderheyden*, 17 Johns. R. 167, and *Jackson* v. *Sternberg*, 20 id. 49, profess to be based upon the case of *Jackson* v. *Croy*, 12 Johns. R. 427, but are not supported by it. In *Jackson* v. *Croy*, parol evidence of an exception of certain premises not specified in the deed was correctly held to be inadmissible ; but such principle does not warrant the subsequent decisions that a party shall not be allowed to shew that the authority under which a sheriff professes to sell land does not exist, or has been destroyed.

But allowing the sale to have been under both executions, the property of the defendant in the executions having been sold in parcels, and the two first parcels having brought a sum more than sufficient to satisfy the *senior* execution, the parcels subsequently sold must be considered as sold to satisfy the *junior* execution. The lien under the senior execution was destroyed by the satisfaction of the judgment arising from the purchase money received for the two first parcels. Unless this be so, a *bona fide* purchaser of real estate worth $5000, subject to a judgment of $100, may be deprived of his property by the creditor acquiring a subsequent judgment for an amount exceeding the value of the estate, and directing a joint sale upon both executions. The judge therefore erred in deciding that the third and fourth parcels must be deemed to have been sold under both executions.

*N. P. Randall* for the defendant, insisted that the sale being made *by virtue of both executions*, and so stated in the deed, evidence to contradict the deed was inadmissible, 1 Phil. Ev. 480 ; 3 Starkie, 1001, 2 ; 1 Johns. R. 140 ; 3 id. 506 ; 5 Co. 26 ; 12 Johns. R. 162, 427 ; 17 id. 167 ; 20 id. 49 ; 10 id. 386 ; 8 id. 361 ; 13 id. 102, 513 ; and that the cases of *Jackson* v. *Vanderheyden* and *Jackson* v. *Sternberg* were conclusive of the question.

BY THE COURT. The simple question involved in the exception to the decision of the judge refusing to receive testimony, that the sale of the premises described in the sheriff's deed was under the execution in favor of Hill and Stebbins,

and no other, is, can that part of a *sheriff's deed* be contradicted by parol evidence which sets forth the writ under which the sale was made? We are of opinion that the proposition contended for by the plaintiff's counsel goes the whole length of destroying the effect of such a deed by parol testimony; for if it be allowable to shew that the sheriff did not sell on two of the three writs of *fieri facias* which are referred to and in part recited in his deed, no good reason is perceived for refusing to inquire into the fact whether the sale was on the other or not.

Many authorities were referred to in support of a proposition which is too generally received and too well established to require the support of any authority whatever. Written contracts are not to be contradicted by parol evidence. This applies with full force to deeds. This proposition has been usually laid down with reference to the parties to the deed or written contract. The question before us is not presented in that aspect. Here we are to inquire whether a third person, whose rights are alleged to be affected by a sheriff's deed, can in a *collateral* manner, contradict it in what is deemed an essential part, by parol evidence. Two cases in our own reports were referred to, which seem to be conclusive against the objection to the judge's opinion at the circuit. In *Jackson v. Vanderheyden*, 17 Johns. R. 167, it was held that parol evidence was inadmissible to show that the execution on which the levy and sale were stated in the sheriff's deed to have been made, had been withdrawn and abandoned by the sheriff. The reason assigned for this decision is, that such evidence would, if admitted collaterally, contradict the sheriff's deed. A distinction was attempted to be raised between that case and the case of *Jackson v. Croy*, 12 Johns. R. 427, which was the authority for the last decision. It was supposed that we ought not to consider ourselves bound by the latter decision and another which rests upon it, if the authorities do not support the principle. This distinction rests on the difference there is between a *deed* and the *recitals* in a deed.

In *Jackson v. Croy*, the court decided that parol evidence could not be received to shew that a part of the premises included in the grant was intended to be excepted. The principle of this case is conceded to be correct, but it is urged that

it is no authority for the decision of *Jackson* v. *Vanderheyden,* for the parol proof offered in that case was intended to show that the sheriff recited in the deed an authority for making the sale which he had not. It appears to me, however, that the principle of the two cases is the same. This principle is, that parol evidence shall not be received in contradiction to the deed, for the purpose of destroying its effect. The effect of such a deed would be as completely destroyed by showing a mistake in reciting the authority of the officer, as a mistake in relation to the object of the sale. What is the difference, in point of principle, between showing that the sheriff did not sell on an execution whereon he says in his deed he did sell, and showing that he did not sell a particular piece of property which he has included in his deed as a part of the premises sold? If there be any, it is not perceived. The reasons for excluding the parol evidence are as strong in the one case as in the other; the benefits and the inconveniences, whatever the latter may be, are about the same. We are therefore of opinion that the case of *Jackson* v. *Croy* warranted the decision in *Jackson* v. *Vanderheyden.* The case of *Jackson* v. *Sternberg,* 20 Johns. R. 49, is still more explicit in favor of the decision at the circuit. The parol evidence in that case was given for precisely the same object for which it was offered in this: which was to show that the sale was not on the execution which the sheriff, in his deed, had recited as the authority by virtue of which he had acted. We feel ourselves bound to uphold the decisions, and to sanction the opinion of the judge at the circuit, excluding the parol testimony offered to impeach the recital in the deed.

We see no formidable mischief likely to result from the operation of such a principle. A party who may be injured by the mistakes of a sheriff, can have relief by a summary application to the court, under whose authority the officer acts, or through the medium of a court of equity; and it is much better that he should be confined to these modes of redress than to render all titles derived under judicial sales doubtful and subject to be defeated, by allowing the written instruments by which they are evidenced to be attacked collaterally, by parol evidence.

· We are asked to say that the two first pieces of land mentioned in the sheriff's deed were first sold, and as the sum bid for them was equal to the amount due on the oldest execution, to pronounce that satisfied ; and that the sale of the third and fourth pieces was alone on the execution issued on the junior judgment. The language of the deed does not authorize us to assume such a position ; it is true the pieces were sold separately, but the seizure and sale of each piece is declared by the deed to have been by virtue of all the writs mentioned in the recital of the deed, To say, therefore, that the first piece was seised and sold on the oldest execution, would be contradicting the deed. Besides, we are not bound necessarily to infer that the sales took place in the order in which they are mentioned in the deed. We think the decision of the judge who tried the cause on this point also was correct.

NEW-YORK,
May, 1831.

Judgment for the defendant.