## O'NEAL v. GARRETT, USE, &c.

1. The acknowledgment of service of process, indorsed thereupon, subscribed with the name of the defendant, and attested by the clerk, does not authorise the rendition of a judgment by default, unless the acknowledgment, or signature is proved, or admitted in Court to be genuine.
2. Since the passage of the act of 1839, " to abolish attornies fees in certain cases," it is not allowable to render a judgment by default at the appearance term, without the defendant's consent.
3. *Quere ?* Is the failure to discontinue in the primary Court, against a defendant not served with process, objectionable on error, where the judgment is only rendered against the party on whom the writ was served.

Writ of error to the Circuit Court of Lauderdale.

THE defendant in error brought an action by petition and summons, on a bill single, against the plaintiff and one Henry

L. Ward.   The summons is endorsed as follows : " I acknowledge service of this writ, Sept. 23, 1840.

E. A. O'NEAL."

Test, GEO. W. SNEED, Clerk.

The record does not show that process was served on Ward. At the appearance term, a judgment by default, was rendered against O'Neal, without proving the acknowledgment of service by him, and without a discontinuance of the suit, as to Ward.

WM. COOPER, for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—The acknowledgment of service indorsed on the summons, did not authorise the rendition of judgment against O'Neal; but to authorise the Court to consider it as his act, should have been proved or admitted by him in Court, to be genuine.  Welch adm'r v. Walker, et ux. 4 Porter's Rep. 120; Rowan v. Wallace, Judge &c., 7 Porter's Rep. 171; Norwood & Chambers v. Riddle, 9 Porter's Rep. 425.

By the act "to abolish attornies fees in certain cases," approved, Febuary 2, 1839; it is enacted, that from and after its passage, no judgment shall be rendered in any suit at the appearance term, except by the consent of parties, from the failure of the defendant to plead or enter an appearance, as then required by law.   In the case before us, the record does not show the defendant's assent to the rendition of the judgment, but it seems to have been taken in his absence, by default. The act cited, declares that it was prematurely rendered, and it is therefore erroneous.

The regular course, where the plaintiff desires to discontinue his action against one of several defendants, not served with process; is to do so in his declaration, (where suit is brought in the usual form) or upon the record.   Whether a judgment is reversible for the failure to discontiuue in the primary Court, where it is only rendered against the party served with process, or whether such judgment is not an implied discontinuance in itself, are questions which it is unnecessary now to consider.   For the other objections, the judgment must be reversed, and the cause remanded.