## HUMPHREYS' Adm'r, v. THOMPSON.

1. Where the transcript of the record shows a consent by the defendant, endorsed on the writ, to waive the declaration, and that the endorsement of the cause of action shall be used in place of it, a judgment by default will not be reversed because this consent does not appear from the record to have been proved to the court below. The proper course, if no such consent was given, is to apply to the court below to vacate the entry of consent and thus make the record in accordance with the fact.

WRIT of error to the Circuit Court of Morgan county,

Thompson sued out a writ in assumpsit, against Humphreys, as the administrator of Humphreys, on the 12th of August, 1842. The cause of action indorsed on the writ, is, that it is brought to recover 3,000 dollars for goods, wares and merchandise, sold and delivered by the plaintiff to Carlisle Humphreys, deceased, in his lifetime, and at his special instance and request, in the years 1833 to 1841, in the said county of Morgan, and for so much money paid, laid out and expended by said plaintiff to, and for the use of the defendant's intestate, before his death, and at his like special instance, and request, &c. All of which monies are unpaid.

The defendant accepted service of the writ on the 19th of August, 1842.

By another indorsement on the writ, copied into the transcript, the following waiver appears:

"The defendant waives the necessity of a declaration in this case, and accepts this indorsement in lieu thereof. Circuit Court, September Term, 1842.            DAVID C. HUMPHREYS."

At the April Term, 1843, the plaintiff came and proved the acceptance of service, and the defendant made default. An inquiry of damages was made, and judgment rendered on the verdict, ascertaining the amount.

It is now assigned, that the court erred in rendering judgment against the defendant, without any declaration, or without any proof of the supposed waiver.

SILAS PARSONS, for the plaintiff in error.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—We think this admission or consent, that the indorsement of the cause of action on the writ, should stand in lieu of a declaration, is not of the same nature as an acceptance of service of the writ, which, according to many previous decisions, is necessary to be proved to the court, and to set out on the record. [O'Neal v. Garrett, 3 Ala. Rep. 276; Rowan v. Wallace, 7 Porter, 171; Norwood v. Riddle, 9 ib. 425.]

The reason for these decisions is, that the party can only be brought before the court by actual service of process, or by some express waiver of it. When once in court, however, in either way, he is there for any purpose incidental to the cause; and

when an act appears of record as performed by him, the same credence will be given to it, as to any other part of the record.

It is the customary course for this court to presume a waiver of the strict rules relating to pleading, when there is a statement that the pleas were taken in short by consent; the fact here shewn, does not differ in principle from what is stated as the usual course of practice.   If the written consent, introduced to the record by what purports to be the act of the party, was never made, the proper course is, to apply to the court below to expurgate it, and thus cause the record to conform to the truth.

As the record stands, there is no error.

Judgment affirmed.