## MOORE v. BRIGGS.

1. An agreement found in the record, signed by the counsel in the case, will, after an appearance and trial in the court below, be presumed to have been proved to have been executed by them—otherwise, if the judgment is by default.

Error to the Circuit Court of Tuscaloosa.   Before the Hon. T. A. Walker.

ASSUMPSIT by the defendant in error, as indorsee, against the plaintiff in error, as maker of a promissory note.

The plaintiff below obtained a judgment, which on error to this court was reversed, and the cause remanded. After its return to the court below, another writ is found in the transcript, the service of which purports to be acknowledged by the defendant, but the writ is without the signature of the clerk. The first writ found in the transcript is sued out in the name of Faver, the payee in the note, for the use of Briggs, the indorsee, but the declaration is in the name of Briggs, indorsee.

Upon the only declaration found in the record, is indorsed the following : " It is agreed between us, that the within writ and declaration be the true one to be used." PORTER— S. D. J. MOORE. The cause was tried on the general issue, the plea of set-off, and other special pleas.  The jury found the set off for the defendant, and the other issues for the plaintiff, and judgment was rendered accordingly. The defendant prosecutes this writ, and assigns for error—1. That no declaration was filed in the cause.   2. The court erred in the judgment rendered.

S. D. J. MOORE, for plaintiff in error.

This case, under the style of Moore v. Faver, was decided at the June term, 1847, upon the authority of Elliott v. Smith & Co. 1 Ala. 74.

It is true, there is a certified copy of a writ, not signed by

the clerk, and on which Briggs's counsel states, service was acknowledged; but this can have no binding force on plaintiff in error.

There is no proof that plaintiff made the agreement indorsed on the declaration, but if he did, the same error exists that did before, for the writ is in the name of Faver, use of Briggs, and the declaration is in the name of Briggs, indorsee, &c.

CHILTON, J.—The defendant appeared and plead to the action in the court below, he consequently waived all defects in the service of the writ. Chapman v. Arrington, 3 Stew. Rep. 480; Dunn v. Tillotson, 9 Porter's Rep. 272; Hobbs et al v. Emanuel, 8 Ib. 442; Moore v. Phillips, 8 Ib. 567.

A declaration appears on file, and is found in the record, together with a writ to which it conforms. The writ however does not appear to have been signed by the clerk. Upon the back of the declaration is the following indorsement: "It is agreed between us, that the within writ and declaration be the true one to be used. (Signed.) Porter—S. D. J. Moore." Porter being the counsel for the plaintiff below. It is insisted in this court, by the plaintiff in error, that there is no proof that the agreement indorsed on the declaration was made by him. Had the judgment been rendered by default, then according to the numerous decisions of this court, we could not look to the agreement, unless we were certified by the record that the agreement was proved in the court below. 3 Ala. R. 276; 7 Porter's Rep. 171; Norwood v. Riddle, 9 Ib. 425. But as we have said, the plaintiff in error appeared in the court below, pleaded to the declaration, and was actually allowed by the jury a set off, which he established. No objection was taken to the writ, nor for want of proof of the agreement, so that such proof might have been supplied. He cannot raise the objection in this court for the first time. The case is in principle almost parallel with Humphrey's adm'r v. Thompson, 6 Ala. R. 649. In that case, acceptance of service was proved, and judgment by default was rendered. There was no declaration, but an indorsement on the writ, purporting to have been signed by

the defendant, which was not proved, as follows : "The defendant waives the necessity of a declaration in this case, and accepts this indorsement in lieu thereof." It was held this was not of the nature of the written acceptance of service. That the court finding it in the record, would regard it as a part of it, and if the writing was in fact not the act of the party, he should move the court below to expurgate it so as to make the record conform to the truth.

There being a good declaration in this record, thus indorsed and pleaded to, we will not look to the writ to reverse the judgment, nor intend against the correctness of the agreement, for the purpose of reversing.

Let the judgment be affirmed.