## LEE *vs.* DAVIS et al.

1. Where, on an application to set aside a sale under execution, the judgment entry recites "that the petition, answers, and *affidavits* of the respective parties were in file and submitted, and that upon an inspection and consideration of these, the rule &c. was discharged," are not the affidavits filed on behalf of the petitioner to be regarded as a part of the record?—QUERE.

2. The omission of the sheriff and attorney of the plaintiff in execution, the latter of whom becomes the purchaser, to undeceive one who at the sale asserts a superior title to the property sold, and who has had no notice of, but is evidently ignorant that the judgment and execution under which the sale is about to be made create a lien prior in point of time to his title, coupled with gross inadequacy of price, is a sufficient ground for setting aside the sale.

3. Where the injury complained of is in *the execution* of the process and not for defect in the process itself, it is competent for any person whose interests are thereby prejudiced to move to set aside the sale.

4. The fact that the execution, under which a sale is made, has not been returned to the court whence it issued, interposes no objection to its entertaining a motion to set aside the sale.

Error to the County Court of Mobile. Tried before the Hon. John A. Cuthbert.

THIS was a rule sued out by the plaintiff against the defendant in error and the sheriff of Perry county, to show cause why a sale of certain lands, to which the plaintiff claims title and of which he held the possession, made by said sheriff under an execution issued on a judgment rendered in the County

Lee v. Davis et al.

Court of Mobile in favor of the Branch of the Bank of the State of Alabama at Mobile against one A. B. Hopkins, should not be set aside. It appears from the petition, answer and affida‧ vits, that on the 1st November 1841, said Hopkins executed a deed of trust for the benefit of creditors, in which he provided first for the payment of all unsatisfied judgments then existing against him; that all of said judgments had been discharged except the one in question, and that this one had never come to the notice of the trustees; that the lands, which the sheriff afterwards sold, were disposed of and conveyed by the trustees to the plaintiff at the price of $8,500, about three years before the sheriff's sale; that in October 1846, said lands were levied on by the sheriff by virtue of an execution issued on said bank judgment, (which judgment was older than the deed of trust,) and sundry other executions issued on judgments junior to said deed of trust; that the lands were advertised as levied on under one of the executions last referred to, and "others," without naming the bank execution; and that at the sheriff's sale neither the sheriff nor the defendant, who was the attorney of the bank and had placed its execution in the sheriff's hands, notwithstanding the plaintiff and those who had warranted his title publicly proclaimed to the bystanders that none of the judgments and executions under which the sale was about to take place created a lien on the lands, but were junior to the title under which plaintiff claimed, undeceived them or informed them of the existence of the bank judgment. Under this state of facts, the lands were bid off by the defendant at the sum of $500, and were shown to have been worth at the time $8,000. The bank execution had not been returned to the County Court of Mobile, having been used and filed in the Circuit Court of Perry in a similar proceeding to set aside the sale under all the executions, and was consequently not produced on the hearing of this cause.

The County Court of Mobile discharged the rule, and the plaintiff now assigns its judgment as error.

CAMPBELL & PECK, for plaintiff:

1. The writ of *audita querela* lies to correct the abuse of final process. It is a writ in the nature of a bill of equity, and the equitable rights of parties and privies to the record will be

secured by it. 2 John. Cases, 227; 10 Mass. 101; 1 Comyn's Dig. 785; Fitz-Herbert's Nat. Brev.

2. The purchaser of lands is such a privy, that he is entitled to this writ. 2 John. Cases, 227; 3 Viner's Ab., tit. Audita, G. H. 343; 6 Wend. 562; 10 Ala. 293; 13 ib. 214.

3. A petition and rule to show cause have been substituted for the writ of *audita querela* in modern practice. 4 Johns. Rep. 191; 5 Rand. 639; 2 Hill's S. C. Rep. 291.

4. The circumstances of the sale exhibit a case that entitles the party complaining to relief. It is a case of inadequacy of price and surprise.—Mobile Cotton Press Co. v. Moore, 9 Port. 679; Bixley v. Mead, 18 Wend. 611. It is a case of irregularity, of which the purchaser had notice. No advertisement was made of the sale under the execution in favor of the bank, and the sheriff did not declare at the sale that he sold under this execution. This execution was not subject to any of the objections that were opposed to the others. It was the duty of the sheriff to sell the property separately that was required to satisfy this execution.—Wood v. Morrell et al., 1 Johns. Ch. Rep. 502; Tiernan v. Wilson, 6 ib. 414; Rowly v. Webb, 1 Bin. 61; 3 U. S. Dig. 376, no. 432; 2 Ala. Rep. 256. The purchase was made by the attorney controlling the execution, and under circumstances of suppression—a suppression of truth and a want of good faith and ingenuousness. Courts regard such purchasers with suspicion and jealousy, and require of them *uberrima fides.*—Howell's Heirs v. McCreeny's Heirs, 7 Dana, 388; Howell v. Baker, 4 Johnson's Ch. Rep. 120; Drought v. Jones, Flona. & Kelly's Rep. 316; Alven v. Bond, ib. 196; Exparte James, 8 Vesey, 346.

5. A *bona fide* purchaser is not affected by the defects in the deed of trust. 7 Metcalf, 520; 4 Paige, 42; 2 Drury & Wor. 252; 1 Plowd. 61; 2 Ala. Rep. 349.

Hopkins & Jones, for defendant:

Lee, the plaintiff in error, is a stranger to the judgment and execution. He has no right therefore to be heard upon a motion to set aside the sale. Fournier v. Curry, 4 Ala. 321; ib. 406; 9 ib. 448; ib. 959; Cawthorne v. Knight, 11 ib. 268–9; 10 ib. 293–6; 15 ib. 212–15; ib. 429; 8 Johns. 257, 261; 17 ib. 487; 2 ib. Cases, 258; 4 Cow. 740.

If the plaintiff in error has the legal title, as he alleges, to the land, he has a legal remedy by action, and the court should not determine the sale to be void in this summary mode and establish the title of the plaintiff in error. 8 Johns. Rep. 257; ib. 260 ; 19 ib. 197.

If Lee had the right to make the motion, he had no right to do so until after the execution had been returned. Lee has prevented the return of the execution by causing it to be filed in another proceeding in the circuit court of Perry county.

The land was sold under several executions. It was necessary to sell the whole tract for their satisfaction, and the proceeds of the whole were greatly below the aggregate amount of the executions. It was proper to make the sale under all the executions. Wood v. Morell, 1 Johns. Ch. Rep. 507 ; Lock, et al. v. Coleman, 4 Monroe, 316. It is proved by the affidavits in the case, that the land sold altogether would bring a higher price than if it were sold in subdivisions.

There is nothing therefore in the objection that the whole tract was sold together and not in different parcels: The sheriff was not bound to sell in distinct parcels, as he was not requested so to sell by Lee or any one interested, and if he had been requested he would not have been bound to sell in different parcels, unless the request had been accompanied by a map or other description of the different parcels, so that each could be identified. 1. Johns. Ch. Rep. 505, 506.

Even in New York, where the statute law requires that no more real estate shall be offered for sale than shall appear necessary to satisfy an execution, the statute is directory merely to the sheriff, and the sale to a *bona fide* purchaser of more land will be valid. Groff v. Jones, 6 Wend. Rep. 523.

Davis, the purchaser, is a *bona fide* one ; he did all he could to cause the land to bring its value, while Lee, and others acting with him, did what tended to cause it to sell for a mere nominal price. Inadequacy of price is not sufficient to set aside the sale, as it was caused by the acts of Lee and his attorneys and friends. Little's Sel. Cas. 256 ; Stockton v. Owings, 6 Watts, 140.

A bill of exceptions only could make the affidavits a part of the record of the case. At common law, there was no mode in which such evidence could be made a part of the record,

and none therefore in which the error of a court, in determining the effect of such testimony, could be corrected by an appellate court. 5 Peters, 199; 2 Porters' Rep. 155, 156; Tuck v. Smith, 12 Ala. Rep. 59, 61; 7 Gill. & Johns. 494, 496, 507, 508; 19 Johns. Rep. 156; 15 Wend. 581, 585.

Davis was the plaintiff in the execution of King and wife, in virtue of their assignment of the judgment to him in trust for the church. He had therefore the right to bid for and purchase the land, as other plaintiffs have.—4 Cowen's Rep. 784. An attorney may purchase for himself with his client's assent. 4 Cowen, 734, 740. Such a purchase is valid if subsequently approved by a client or acquiesced in—Paley on Agency, 143, 144; Story on Agency, 248.

As the executions under which the sale was made issued from three different courts, neither of the courts has jurisdiction to set aside the sale. If either has, each has, and the petition states, and the answer admits the sale has been set aside upon the motion of Lee, by the Circuit Court of Perry, from which most of the executions issued. The sale is the source of Davis' title. If the act of the Circuit Court be legal, and should not because it cannot be reversed, Davis will be as effectually stripped of the title he acquired from the sheriff as he could be by a judgment of the County Court of Mobile, affirmed by this court, setting the sale aside a second time. 1 Johns. Cases 155. The petition therefore shows the sale has been set aside by as competent a court as that in which this motion was made.

The case in 1 Johns. Cases, 155, shows that the receipt of the amount of the judgment in favor of the Bank by the commissioner from Lee has no effect upon the title which Davis acquired from the sheriff.

The evidence of the beneficiaries, who are the grantors with warranty of Lee, is not competent.

COLLIER, C. J.—1. The judgment of the County Court recites that the petition, answers and affidavits of the respective parties were in file and submitted, and that upon an inspection and consideration of these, the rule to set aside the sale under the *fieri facias* in favor of the Branch Bank at Mobile was discharged. In analogy to summary proceedings

against sheriffs and other officers, and motions at the suit of a bank, we are inclined to think the recital is sufficient to authorise us to look into the entire transcript before us. If the affidavits were not made a part of the record, by being used in the court below, and its judgment rested on them, should they not have been there stricken from the files, and must not this court accord verity to the certificate of the clerk? Humphrey v. Thompson, 6 Ala. Rep. 649; Moore v. Briggs, 14 Ala. Rep. 700. The petition, answer of Davis, and affidavits to which he refers, are unquestionably matters of record, and these alone we think will well sustain the view we take of the case.

2. It is clear that the plaintiff in error and those who were interested in supporting his title, as well as their legal advisers, were not aware that the sale was made under the execution in favor of the Bank, or if it was, that the judgment on which that execution issued was rendered previous to the making of the deed of trust by Hopkins for the benefit of his creditors. Upon this assumption we will inquire whether the purchase by Davis should be set aside?

In the Mobile Cotton Press, &c. v. Moore & Magee, 9 Port. Rep. 679, a rule was addressed to the sheriff and the purchaser under a *fieri facias* requiring them to show cause why the sale should not be set aside. We said, "it is well settled at common law, that courts of judicature possess a controlling power over the acts of their officers, which it is their duty to exercise in advancement of justice. Thus, if a sheriff is guilty of an irregularity in his proceedings upon an execution to the prejudice of either party, or a third person, the court will either set aside or correct the act complained of." Under the influence of this principle, it has been held, that if any fraud has been practised on the purchaser, or there was a mistake in the description of land sold under a *fi. fa.*, application may be made to the court to which the writ was returnable, to set aside the sale.—Friedly v. Scheetz, 1 Serg. & R. Rep. 162. And in Jackson v. Roberts, 7 Wend. Rep. 88, the court say, "a party who may be injured by the mistakes of a sheriff can have relief by a summary application to the court under whose authority the officer acts, or through the medium of a court of equity; and it is much better that he should be confined to these modes of redress than to render all titles derived from

38

judicial sales doubtful, and subject to be defeated, by allowing the written instrument by which they are evidenced to be attacked collaterally by parol evidence." Inadequacy of price may not be sufficient cause for setting aside a sale of land under execution, but when coupled with other circumstances it has induced the courts to avoid the purchase.—Arnott v. Copper & Nichols, 1 Har. & Johns. Rep. 471; Nesbit v. Dallam, 7 G. & Johns. Rep. 512; Stockton v. Owings, Litt. Sel. Cases, 256; Hansford v. Barbour, 3 Marsh. Rep. 515; Hart v. Bleight, 3 Monroe's Rep. 273. See further as to frauds and irregularities, and the effect of them in inducing a court summarily to vacate a sale under execution. Carlile v. Carlile, 7 J. J. Marsh. Rep. 625; Bleight's heirs v. Tobin, 7 Monr. Rep. 617; Knight v. Applegate's heirs, 3 Monr. Rep. 388; Mills v. Rogers, 2 Litt. Rep. 217; Ryerson v. Nicholson, 2 Yeates' Rep. 516; Ontario Bank v. Lansing, 2 Wend. Rep. 260; Groff v. Jones, 6 Wend. 522; Saul v. Dawson, 3 Wils. Rep. 49; Hubbert v. McCollum, 6 Ala. Rep. 221. In the case cited from 9th Porter, we made these deductions from the authorities: "1. A party injured by an improper execution of a *fieri facias* may obtain redress on motion to the court from which the writ issued: 2. That a sale of land will be set aside where the sheriff is guilty of a mistake, irregularity or fraud, to the prejudice of either party, or a third person: 3. So the misrepresentation or fraud of a purchaser furnishes just ground for invalidating the sale." In Howell's heirs v. McCreeny's heirs, 7 Dana, 388, which was a suit in chancery, it was said that " a purchase by an attorney under his client's execution, over which he had control, predisposes a chancellor to look on the transaction with jealousy and scrutiny, and should never be sustained when it was for a grossly inadequate price, and exhibits a semblance of unfairness." In Hall v. Hallet, 1 Cox, 134, Lord Thurlow said, " no attorney can be permitted to buy in things in a course of litigation, of which litigation he has the management. This the policy of justice will not endure. And although we would not go so far as to interdict all such purchases, we do not doubt the public policy and the analogies of the law require that they should be considered *per se*, as in the twilight between legal fraud and fairness, and should be deemed fraudulent or in trust for the debtor

upon slight additional facts." In the same case, it was held, that "an undefined interest in an entire tract, *said* to have been incumbered by conflicting claims *unexplained*, and curtailed by sales *unspecified* and *unknown*, was sold by the sheriff, and thus it was impossible to make a fair sale for a full price." "Under such circumstances, the sale as made should be deemed unreasonable and unfair." To the same effect is Howell v. Baker, 4 Johnson's Ch. Rep. 118. These cases it must be observed were suits in chancery, yet they serve to show that the law requires *uberrima fides* on the part of those who have any immediate and direct agency in the management of sales under judicial process. And according to our practice, we have seen that the court, to which such process is returnable, will administer justice to a party who is aggrieved by the mistake, irregularity, or fraud of the officer, upon broad and equitable principles of right. Our own decisions, as well as several of those cited, show that it was the duty of the sheriff to have disabused the plaintiff and his advisers, by stating that he was selling under the execution at the suit of the Bank, or under process issued on a judgment rendered previous to the date of the deed of trust by Hopkins. It is fair to presume that the execution was indorsed as usual and imparted such information, and the misapprehension of the plaintiff and others was abundantly obvious. The neglect of the sheriff in this respect, if not in itself a sufficient ground for setting aside the rule, when coupled with the inadequacy of price and the other circumstances, furnishes such evidence of mistake or omission of duty as requires it to be vacated.

3. The proceeding by petition and notice, as in the case at bar, is but a substitute for the *audita querela* of the common law, and in such case the law is well settled, that not only a party to the judgment and execution, but any one whose land has been sold to satisfy it, may invoke that remedy.—Waddington, et al. v. Vradenbergh, 2 Johns. Cases, 227; Wood v. Torrey, 6 Wend. Rep. 562. See also Lovejoy v. Webber, 10 Mass. Rep. 101. In respect to the cases cited from 6 Port. and 4 and 9 Ala., it may be enough to say without a special notice of them, they do not lay down a different doctrine, but are applicable to a state of facts and to a cause of proceeding altogether dissimilar. The ground upon which the courts

interfere summarily in cases of this kind, is to prevent an abuse of its process, but it will not under 'the pretence of effecting this object determine upon the validity of titles.—In Nuchols v. Mahone, 15, Ala. Rep. 212, it was held, the court will not interfere by motion and set aside a sale of land made under execution, merely because the title of the defendant in execution was invalid; the party interested must defend the possession in the ordinary mode when the purchaser asserts his right. The objection in that case was, that the *fieri facias* issued after the death of the plaintiff therein. We said, "this is a sufficient ground for quashing it at the instance of a party or privy; but if the plaintiff stands in a situation which entitles him to submit a motion for that purpose, the invalidity of the execution does not warrant the court in setting aside the sale against a *bona fide* purchaser without notice. Besides the latent defect in the *fi. fa.* cannot be regarded as an abuse of the authority of the sheriff, or in any manner enter into its execution, where the officer has merely followed its mandate. If the land, which was sold, was really the property of the plaintiff in the motion, he may make his title appear, and defend his possession when the purchaser asserts his right; but we have seen the conflicting title will not be determined upon the application to set aside the sale. See Chambers v. Stone & Pope, 9 Ala. Rep. 260; Stewart v. Nuchols, 15 Ala. Rep. 225. It was supposed by the counsel for the defendants in error, that Nuchols v. Mahone was conclusive to show that the motion of the plaintiff should not be granted, but he should litigate his title when sued by the purchaser at the sheriff's sale to recover the possession. This argument cannot be supported. The cases are altogether dissimilar—in the former it was conceded that there was no abuse of the process, or irregularity on the part of the sheriff in its execution, but the defect being in the process itself, to be shown by extrinsic proof, and such as rendered it void *ab initio*, the party injured could vindicate his possession on a trial before a jury. In the present case, the objection is alone to the execution of the process, and the irregularity is such as cannot avail on the trial of an ejectment or trespass to try title; consequently, according to previous decisions of this court, it is competent to set aside the sale on motion.

4. The decision of the Circuit Court of Perry upon the facts presented in the record before us was *coram non judice*, and consequently the question here raised is not *res adjudicata*. Nor can the fact, that the execution was not returned, interpose an obstacle to the exercise of jurisdiction by the County Court of Mobile. It was not essential to the title of the purchaser that the execution should have been returned according to its mandate. The rights of the plaintiff would be affected quite as injuriously, whether it was retained by the sheriff or deposited elsewhere. If application was made to the Circuit Court of Perry, it would be not only competent, but proper for that court to direct its transmission to the proper depository. As there was no controversy in respect to the execution, and the fact of the sale, it was clearly allowable for the County Court to have adjudicated the question submitted for its decision, although the execution was not produced; and we cannot perceive why the institution of the irregular proceeding at the instance of the plaintiff in the Circuit Court of Perry should place him in a position more unfavorable to relief. The validity of the deed of Hopkins, in the aspect in which the point is attempted to be raised, cannot impair the title of the plaintiff to the land in question. If the vendors of the plaintiff acquired the land by purchase under executions against Hopkins, then the deed must be placed out of view; or if they purchased at a sale made by the trustee before the deed was declared void for fraud, in the absence of *mala fides*, if the trustee pursued the authority given him, they would hold the land against all persons who did not claim under pre-existing liens.

We waive the consideration of the question, whether it was irregular to have sold the land *en masse* instead of by its legal subdivisions. Several of the citations we have made lay down the law very explicitly on this point. In nothing that we have said, do we desire to be understood as attributing intentional unfairness or fraud to any of the parties to this proceeding. There is nothing in the record to require such an imputation; but it is upon the legal interpretation of acts and omissions that we think the sale should be set aside.

We have only to add that the judgment of the County Court is reversed, and the cause remanded.