Bacon, J.
I am by no means clear that, as the deed stands, and without any change in its terms, the sixty-three acres within the boundary of which the parcel now in question, is not excepted. There was no doubt, that the land conveyed to Smith, and then actually held by him, was intended to be excepted. The only obscurity ^ any ^ere *s> Arises from the recital, that it was conveyed to him by Tuttle, whereas, in point of fact, it was conveyed by Tuttle to Moore, and from him to Smith. Moore was simply the conduit through which it passed, an intermediate link in the chain which connected the two by only a single remove. In a legal, if not perhaps in a strictly popular sense, it may be said the premises are conveyed by Tuttle to Smith through Moore. The deed by Tuttle to Moore was to him, his hejrs and assigns; the covenants of the grantor would inure to the benefit of, and include, Smith, the subsequent grantee of Moore • there is both privity of estate and of contract between Tuttle and Smith, the covenants running with and being attached to the land. It is said, that “ where a party covenants in a deed, for himself, his executors and assigns, the word assigns embraces any person to whom the property or interest described in the deed may happen, at any future time, to be assigned, either by deed or by operation of law.” It seems to me, *221 therefore, that it is putting no violence on the language of this deed, to construe it as embracing the land conveyed, in effect, by Tuttle to Smith, although in point of fact, in its transmission, it happened to pass through another’s hands.
II. The case made by the defendant was one manifestly calling for the reformation of the deed, if there is no valid legal objection to the reception of the evidence by which it was established. Although cases may be found, in Avhich such evidence has been held inadmissible, Avhere the question was one strictly of legal cognisance, yet, the doctrine that a deed, contract or other instrument may, in equity, be reformed, has been too long established, to require authority to be cited to sustain it. In some of the cases where, in action of ejectment, proof of this character Avas rejected, it was nevertheless intimated that a remedy' existed for the party by resort to equity. Thus, in Jackson v. Roberts (7 Wend. 83), Avhere the sheriff’s deed recited a sale under four executions, and the defendant offered, to sIioav by paroi that, in fact, the sale Avas only made under one, the evidence was rejected; the court affirmed the ruling, saying, that it Avas not admissible as a ^defence, in that action; but, they add, such exclusion aaúII not work a mischief to the party suffering thereby, since he can have relief, by a summary application to .the court under whose authority the officer acts, or through the medium of a court of equity. To the same effect is Swick v. Sears (1 Hill 17). Under our former system, it will hardly be questioned, that on a bill filed by the present defendant, setting forth and establishing the facts found in this case, he would be entitled to have the deed corrected, and to be quieted in his title to the land. But this resort is no longer necessary, since, by oúr present system, an equitable defence may be interposed as well in an action of ejectment as in any other form of proceeding, and the *222 defendant may also claim, in the same action, any affirmative relief to which he shows himself to be entitled.[1]
I should hardly be willing to concede, that by the legitimate application of any rule of evidence, or within any clearly adjudged case, the evidence given before the referee was objectionable. The question is not as to what was the intention of the parties officiating at the sale, nor is it sought, strictly, to contradict the deed, and make it speak a language utterly at variance with its purport and meaning; but the point of inquiry is, what as a matter of fact was done by the sheriff at the sale? As to this, there .is no contradictory evidence, but it is past all doubt or dispute, that he did not sell the sixty-three acres, but expressly excepted them from the sale. Beyond all question, he so intended to express himself in the certificate, and when he recited that the lands conveyed by Tuttle to Brewster, Perry, Church and Smith, were excepted and reserved, he spoke of Tuttle as the grantor, and assumed the others to be his immediate grantees, as all were but Smith. The statute only makes the certificate presumptive evidence of the facts stated in it, and it clearly appears, that the certificate recites a fact either falsely or mistakenly; and it is immaterial which. The presumption is thus* overcome by evidence that it is wrong, and it should be corrected.
The plaintiff in this case stands in no better position than if this were a deed inter partes, in which case, no authority denies that the deed can be "x'reformed. He was the purchaser at the sale; he stood by and heard the proclamation of the sheriff, that the sixty-three acres were excepted from the sale, and he purchased knowing that he was not bidding upon this land, and that he was to have no title to it. Being chargeable with notice, before he received his deed, it is both dis *223 honest and inequitable for him to lay by, for fourteen years after he has received his deed, during all which time the property has been constantly occupied by others, under a title which no one pretended to question, and then seek to recover land to which of right he has not the shadow of a claim.
The case of Mason v. White (11 Barb. 173), which is much relied on by the counsel for the plaintiff, decides nothing adverse to these views; or, if it does, it cannot be followed as an authority in this court. There, the deed was given, not to the purchaser at the sheriff’s sale, but to the assignee of the certificate, a third party who did not appear to have been present at the sale, and was chargeable with no notice of what there .took place. The question also was entirely different; the description of the land in the certificate and deed was so vague and uncertain, that it was doubtful which of two pieces, either of which might be made to answer the description, was really intended to be sold; and the point of the inquiry was, to ascertain what was the intention of the sheriff. The whole evidence was of the most vague and undecisive character, so much so as to induce the court to say, they should have come to a conclusion upon it differnig from that of the referee; in such a case, it may well be, that such evidence should not be received. But when the learned judge in that case states, that although, as between man and man, deeds may be explained and reformed by reason either of fraud or mistake, but that the deed of a sheriff cannot thus be reformed, he states a proposition for which I can find no authority in the books, and from which I am constrained to dissent. The only case referred to for this doctrine is Jackson v. De Lancey (13 Johns. 539), which 'certainly decides nothing more than that in a sheriff’s deed the land must be described with reasonable certainty. The deed "in that case having undertaken to convey, with two par-eels well described, all the other lands of William, Earl *224 of Stirling, in the county of Ulster, it was held, to be void for uncertainty. No such principle as this rva.s necessary to the decision in the 'case of Mason v. White, which can Avell stand tvithout its aid; and if fully carried out, this doctrine AAmuld place both the certificates and the deeds of sheriffs utterly beyond the reach of the laAv, although its aid Avere invoked upon the clearest proff of inadvertence, mistake or fraud.
III. There is no difficulty in this case arising from the provisions of the statute (2 R. S. 302, § 52) requiring bills for relief to be filed within ten years after the cause thereof shall accrue. In the first place, this case does not come AAdthin the letter of the statute, which applies to bills filed by a plaintiff for specific relief, and not to a defendant resisting an unrighteous claim by an equitable defence. But if it is Avithin its spirit, the statute does not bar the defendant’s claim for relief. Varick v. Edwards (11 Paige 290) is a decisive authority to show that when a party to Avhom land belongs in equity, is in possession and is afterwards evicted by one claiming a legal title, the statute does not begin to run, until such eviction; a bill consequently may be filed at any time within ten years after the eviction. Here, the plaintiff really had no legal title, in the strict sense of the term; and neither the defendant nor any of his predecessors in the occupation and ownership of the land had any reasonable ground even of suspicion, that he would, after the lapse of fourteen years, attempt to put such a construction upon his deed, as to disturb a possession so long and so quietly held. The defendant is chargeable neither Avith knowledge nor notice of any such claim, until this suit Avas brought. The reply alleges that the supposed mistake in the deed was discovered by Moore and the other grantees, more than ten years'before the commencement of this suit; of this allegation not a particle of proof Avas offered upon the tria], and from the very nature of this case, it is manifest, that none of the parties can be presumed to be chargeable *225 in law with any such knowledge. The judgment should be affirmed.
Judgment affirmed.

 It is well settled, that on the trial of an action at law, the instrument relied upon by the defence, may be reformed by paroi evidence, on the ground of mistake. Meyer v. Lathrop, 73 N. Y. 315.